BOUTALL, Judge.
This is a suit seeking a separation from bed and board filed by the wife, based on the grounds of mental and physical cruelty of such a nature as to render living together insupportable, with a reconventional demand filed by the husband based upon abandonment. The trial judge rendered judgment in favor of the wife and dismissed the husband’s reconventional demand.
Because of the nature of the testimony offered, it is necessary to recite a brief calendar of the proceedings herein. Mrs. Betty Sparks Virgadamo on July 1, 1969, filed a petition for separation from bed and *461 board based on physical and mental cruelty, alleging June 26, 1969, as the date of separation. On August 1, 1969, her husband filed an answer denying the allegations of the petition and in reconvention petitioned for a separation on the grounds of abandonment by his wife alleging the abandonment to be June 12, 1969. On December 5, 1969, petitioner, Mrs. Virgadamo, filed an amended and supplemental petition alleging additional acts of cruelty prior to and subsequent to the filing of her original petition.
In general, the evidence offered by the wife consists of her testimony that, beginning some eight years prior to the date of separation, her husband abused her verbally and physically, by his general and continued conduct, and by specific acts of physical cruelty on certain occasions. She offers in support of her testimony, the testimony of her mother and her sister to the general situation and specific occasions. As opposed to this, the husband denies all of the accusations of the wife, testifies that she was not a good wife and testifies to her course of conduct. In support of his position, he offers the testimony of his brother and two friends, who, in general, testified that he was a sober, industrious man, not given to drink or improper conduct, but who was required to work late hours in connection with his work, and was a good family man.
Counsel for the appellant urges to us that the trial judge erred in his analysis of the evidence presented, and, in particular, urges that the evidence should be divided into three periods as follows: (1) Those alleged acts which occurred prior to May 19, 1969, at which time the wife left the matrimonial domicile and a reconciliation was established the next day; (2) Alleged acts which occurred from the date of that reconciliation to June 12, 1969, the alleged date of abandonment; (3) Alleged acts which occurred after the date of abandonment and indeed after suit was filed. It is contended that the trial judge erred in considering any testimony prior to the reconciliation of May, 1969, and any acts which may have occurred after the alleged abandonment of June 12, 1969. As to the period in between, it is contended that there is no evidence of cruel treatment; therefore, the trial judge should have dismissed plaintiff’s suit and granted the husband a judgment of separation based upon abandonment.
The trial of this case took two days, and the transcript of evidence is a rather lengthy one. Additionally the trial judge has given very thorough and precise reasons for his judgment. We have carefully examined the record, and we reach the conclusion that the contentions of the appellant are erroneous, and that the record clearly substantiates the findings of the trial judge.
The first issue is the consideration of the alleged acts of cruelty which took place prior to the reconciliation of May, 1969. The evidence shows that on or about May 19, 1969, defendant began an argument with the plaintiff, called her a number of vile, abusive names, locked her in a room, threatened her life, and slapped her several times. When the defendant left the house to go to work, the plaintiff took her children, left the matrimonial domicile and went to a friend’s home where she stayed overnight. The next day, she met her husband at St. Joseph’s Rectory on Tulane Avenue, together with Father Hymel, who had been giving them marriage counseling, and discussed the situation with her husband. After several hours, they decided to return to the matrimonial domicile and attempt to make a go of their marriage, and on that day she did return. Counsel for defendant urges to us that this amounts to a reconciliation after separation and that under the provisions of LSA-C.C. art. 152:
“The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced.”
Therefore, counsel urges that the trial judge erred in considering any evidence *462 prior to this reconciliation under the principles announced in the case of De Jean v. De Bose, 226 La. 600, 76 So.2d 900 (1954).
We have no quarrel with the provisions of that article of the code nor with the principles announced in the case cited by counsel. An examination of that case reveals that while the court agreed that the plain provision of article 152 meant what it said, that, nevertheless, article 153 of the Civil Code declares that where a new cause for separation has arisen since the reconciliation, the past conduct may be considered to corroborate the new suit. We consider that the facts of that case are remarkably similar to the situation here, although obviously more severe in all instances. The trial judge considered the events of June 26, 1969, to be such a new cause, and as we will point out later, we so agree.
Counsel for appellant further urges that the trial judge erred in concluding that the final separation occurred on June 26, 1969, instead of June 12, 1969. An examination of the evidence simply does not bear out counsel’s contention. Plaintiff clearly testified that the events which caused her to leave the second time took place on June 26, 1969, and the defendant in his testimony, equally as clearly, stated that this was the date of the events. However, this court must consider that at times, parties to these types of proceedings often do not know the exact date but try to place that date in retrospect. We feel that any such doubt is cleared up by a consideration of the testimony of the events which occurred in connection with the date mentioned. We refer to the plaintiff’s petition and note that in paragraph 7 thereof, it is alleged that on June 26, 1969, defendant provoked petitioner into an argument, and, as a result of the argument, defendant punched three holes in the wall of their home, placing petitioner in fear of her safety. The testimony of the wife clearly indicates that the date of June 26, was the day that the defendant punched the holes in the wall, among other things, causing her to leave. The defendant, upon being asked to explain the events of June 26, 1969, by counsel, related the same incident of punching the holes in the wall, although, he differs from the wife in how the disagreement started. Thus, the evidence of all parties clearly establishes that the separation took place on June 26, 1969, and not June 12, 1969.
As to the third issue, that is, a consideration of the alleged acts of cruel treatment which took place after the final separation of the parties,[1] the court finds it unnecessary to consider this because of the holding of the trial judge. The trial judge, in. his Reasons for Judgment, stated:
“Since there were new acts of cruel treatment which occurred after the reconciliation in May, the wife is entitled to use acts of cruel treatment that occurred prior to the reconciliation in May as part of her cause of action. The court considers the acts of cruel treatment which occurred prior to June 26 as sufficient to grant the wife a separation in this matter.”
Thus, it is seen that the trial judge did not rely upon the acts which took place after the final separation but his explanation of this is that he simply considered them in evidence because he thought it may have some bearing on the abandonment alleged *463 by the husband, which, of course, carries with it the possibility of the wife returning to her husband. He apparently felt that these acts of cruel treatment exhibited that there would have been no change in their living conditions and that further living together of the parties would have been insupportable.
Having thus disposed of the legal contentions, we now proceed to a consideration of the evidence to determine whether there was sufficient evidence to support the conclusion of the trial judge as mentioned above. We conclude that there is a preponderance of the evidence on behalf of the wife, wherein she established that beginning some eight years ago, and up to the time of the separation, there were numerous incidents, the exact dates of which are unknown, in which her husband called her vile and unpardonable names; that on a number of occasions he returned home late in the morning in a drunken condition, and a number of times threatened to strike or kill her; that these incidents became more frequent and more severe in recent months. In addition, the defendant accused her of infidelity on a number of occasions.
The record shows that on three specific named times there were acts of physical cruelty. On the day after Mardi Gras, 1969, the defendant, after threatening his wife, slapped her several times, pulled her off the bed hitting her back on the side of the bed and caused her head to hit the floor, resulting in bruises and red marks on petitioner’s body. On or about May 19, 1969, during another disagreement between the parties, he threatened her life and thereupon slapped her several times and locked her in her room. This precipitated her first leaving home overnight. The last pertinent occasion was June 26, 1969, at which time he took her car keys away when she was about to go to work, and when one of the children intervened, he threatened to hit both the wife and the child. When she retreated he began punching holes in the wall with his fist, ordered her and the four children into the bedroom and stood in the doorway for several hours refusing to let them out, threatening to keep them there until they acceded to his demands. We conclude, as did the trial judge, that the evidence is sufficient to show such acts of cruel treatment as to render living together insupportable.
For the reasons hereinabove discussed, we are of the opinion that the judgment of the trial court should be affirmed. Appellant to pay all costs of this appeal.
Affirmed.

. The two major events complained of: First, some ten days after June 26, 1969, when the defendant was alleged to have returned to the matrimonial domicile, after plaintiff had moved back in by agreement; in this instance, he threatened to take everything away from the plaintiff and said that he would try to kill her if she left, together with other threats, curses, and accusations of infidelity. The other occasion was in October of 1969, while the wife was living with her sister. He demanded half of the furniture and when he was refused, he cursed her and called her vile names, and thereupon punched her twice upon the side of her face and in the head, fracturing her jaw and causing a concussion of the brain, requiring her hospitalization for several days.